**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILTON VARGAS, | No. 10-71630 |
| Petitioner, | Agency No. A073-945-820 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

Milton Vargas, a native and citizen of Guatemala, petitions for review of a

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition for review.

Vargas claims he experienced past persecution and fears future persecution because of threats he received while working for the Christian Democratic Party between 1989 and 1992. Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record regarding who Vargas campaigned for and when his candidate won the election, *see id.*, and his untruthful statement that he did not make a return trip to Guatemala in 1999 after leaving in 1992, *see Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). In the absence of credible testimony, Vargas' asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Vargas' CAT claim also fails because it is based on the same testimony found not credible, and he points to no other evidence demonstrating it is more likely than not he would be tortured if returned to Guatemala. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**